COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
Alex Pisarevsky, Esq.
Attorneys for Century Capital Partners LLC
Park 80 West-Plaza One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663
Tel:  (201) 845-9600
Fax:  (201) 845-9423
Email: ap@njlawfirm.com

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| PRIME HOTEL MANAGEMENT LLC, | | Case No. 18-10221 (SHL) |
| | : | |
| Debtor. | | |
| | : | |
| PRIME HOTEL MANAGEMENT LLC, | : | |
| | | Adv. Proc. 18-01009 (SHL) |
| Plaintiff, | : | |
| -against- | : | |
| CENTURY CAPITAL PARTNERS LLC, | : | |
| Defendant. | : | |

**ANSWER TO COMPLAINT TO AVOID JUDGMENT LIEN AS PREFERENTIAL
TRANSFER PURSUANT TO 11 U.S.C. §547**

Defendant Century Capital Partners LLC, by and through its undersigned counsel, answers the Complaint of Plaintiff-Debtor Prime Hotel Management LLC as follows:

**NATURE OF THE ACTION**

1.     Defendant can neither admit nor deny the allegations regarding the purpose of this adversary proceeding.  Plaintiff-Debtor is left to its proofs.

## JURISDICTION AND VENUE

2. Admitted.

3. Admitted.

4. Defendant can neither admit nor deny Plaintiff-Debtor's consent to this Court handling any "non-core" matters and reserves its rights in this regard.

5. Admitted.

## PARTIES

6. Defendant is unable to admit or deny the truth of this allegation. Plaintiff-Debtor is left to its proofs.

7. Admitted.

8. Admitted.

## AS AND FOR A FIRST CLAIM FOR RELIEF
(Avoidance of Preferential Transfer Pursuant to §547 of the Bankruptcy Code)

9. Defendant is unable to admit or deny the truth of this allegation. Plaintiff-Debtor is left to its proofs.

10. Admitted. The Judgment was also entered, jointly and severally, against non-debtor guarantor Hag Gyun Lee.

11. Admitted.

12. Admitted that Defendant has a lien against the Property.

13. Defendant is unable to admit or deny the truth of this allegation, which is a legal conclusion.

14. Admit that the Judgment was recorded in New York less than ninety days prior to the filing of the Petition in the bankruptcy action.

15. Admit that Defendant recorded the Judgment to secure repayment of the amount owed as reflected in the Judgment. Defendant is unable to admit or deny the truth of the rest of this allegation, which is a legal conclusion.

16. Admit that the Judgment was based on an antecedent debt Plaintiff-Debtor owed Defendant. Defendant is unable to admit or deny the truth of the rest of this allegation, which is a legal conclusion.

17. Defendant is without sufficient information to either admit or deny the truth of this allegation. Plaintiff-Debtor is left to its proofs.

18. Denied.

19. Denied.

20. Defendant is unable to admit or deny the truth of this allegation, which is a legal conclusion.

## **SEPARATE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Docketing of the Judgment does not constitute a Transfer as defined by §547 of the Bankruptcy Code.

3. Even assuming, <u>arguendo</u>, the docketing of the Judgement was a Transfer, it is not voidable because Defendant would have been paid the same amount even if this case were brought under Chapter 7 of the Bankruptcy Code.

4. Plaintiff-Debtor was solvent as of November 3, 2017 in that the value of its assets exceeded all of its liabilities.

5. Plaintiff-Debtor cannot establish all elements of a preferential transfer pursuant to §547(b) of the Bankruptcy Code.

WHEREFORE, Defendant Century Capital Partners LLC demands judgment dismissing the Complaint, together with costs of suit and any other relief the Court deems just and equitable.

                                      COHN LIFLAND PEARLMAN
                                       HERRMANN & KNOPF LLP
                                      Attorneys for Defendant

                            By:    s/Alex Pisarevsky
                                      Alex Pisarevsky, Esq.
                                      For the Firm

DATED: February 28, 2018